

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00727-CV

**IN THE INTEREST OF M.A.C.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-07938
Honorable Monique Diaz, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Liza A. Rodriguez, Justice
Lori Massey Brissette, Justice

Delivered and Filed: December 4, 2024

AFFIRMED

Pro se appellant S.C. ("Father"), the biological father of M.A.C. ("Child"), appeals from the trial court's order in a suit to modify the parent-child relationship. In three issues, which we liberally construe as one, Father contends that the trial court abused its discretion in denying his motion to modify, in which he requested the exclusive right to designate Child's primary residence. We affirm.

### I. BACKGROUND

Child was born in January 2021. On April 29, 2022, Father filed a pro se petition in a suit affecting the parent-child relationship. The petition alleged that, at the time of filing, Child did not live in Texas, but that he had been gone from Texas for less than six months. On July 11,

2022, the trial court held a hearing that resulted in an oral ruling allowing M.D. ("Mother"), the biological mother of Child, to designate Child's primary residence.

On July 10, 2023, the trial court held a hearing on Father's motion to modify[1] the orders that were orally rendered at the July 11, 2022 hearing. Both Father and Mother appeared pro se. At the time of the July 10, 2023 hearing, Mother and Child lived in Delaware. Father argued that he was concerned about Mother's emotional health and ability to care for Child, and he sought the right to designate the Child's primary residence. Father and Mother, through sworn testimony, told varying accounts of several instances that Father contended substantiated his concerns. Mother pleaded with the trial court to deny Father's request and allow her to continue to have the exclusive right to designate Child's primary residence. On August 1, 2023, the trial court signed an order that, among other things, grants Mother the exclusive right to decide where Child lives. Father timely appeals from this order.

## II. DISCUSSION

In the issues presented section of Father's brief, he argues that the trial court: (1) inadequately considered Mother's mental instability and potential harm to Child; (2) improperly evaluated incidents of dangerous behavior by Mother; and (3) inappropriately assessed Mother's claim of being in counseling without adequate proof or verification. In the argument section of Father's brief, he references sections 153.004, 153.254(a)(5), and 263.307(b)(12)(E) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § § 153.004, 153.254(a)(5), & 263.307(b)(12)(E). Father's "issues" and "arguments" essentially ask us to reweigh the evidence presented to the trial court through the prism of three statutory provisions. We liberally construe Father's "issues" and "arguments" as presenting one issue, that being whether the trial court abused its discretion in

---

[1] The clerk's record contains no written motion to modify.

denying Father's motion to modify, in which he requested the exclusive right to designate Child's primary residence.

In reviewing a modification order, we have held that "we may not interfere with the trial court's decision so long as some evidence of a substantive and probative character supports it and the ruling comports with the law." *See In re W.J.M.*, No. 04-20-00532-CV, 2022 WL 946636, at *2 (Tex. App.—San Antonio Mar. 30, 2022, no pet.) (mem. op.) (quoting *In re A.B.R.*, No. 04-17-00220-CV, 2018 WL 3998684, at *3 (Tex. App.—San Antonio Aug. 22, 2018, no pet.) (mem. op.)). The Texas Supreme Court has explained that "[a]s conservatorship determinations are intensely fact driven, the trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (internal citations and quotation marks omitted).

In this case, Mother contradicted all the incidents that Father references. The trial court may have credited three portions of Mother's testimony. First, Mother testified that she was grieving the loss of both her parents as an explanation for the behavior Father highlighted. Second, after leaving her relationship with Father and moving to Delaware, Mother gained support from her family, began working, and engaged in therapy. Third, Mother explained that "[Father] knows exactly what to do to push my buttons to get me where — to a point where he knows how I'm going to react[.]" Under the appropriate standard of review, the trial court may have believed Mother's accounting over that of Father. *See id*. Accordingly, we hold that the trial court did not abuse its discretion in denying Father's motion to modify.

Father's sole issue, as construed, is overruled.

## III. Conclusion

The trial court's order is affirmed.

Rebeca C. Martinez, Chief Justice